**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

"IN ADMIRALTY"

O.P. YACHT SERVICES CORP.

Plaintiff,

v.

M/Y PLANET NINE, a 2018 72.15 Meter Admiral Motor Yacht bearing Cayman Islands Official Number 754473, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*,

Defendant Vessel.

Case No.

**VERIFIED COMPLAINT**

Plaintiff, O.P. Yacht Services Corp., by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues Defendant Vessel, M/Y *Planet Nine*, a 2018 72.15 Meter Admiral Motor Yacht bearing Cayman Islands Official Number 754473, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*, and as grounds in support thereof, states:

**JURISDICTION AND VENUE**

1. This action is brought under the admiralty and maritime jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

2. Plaintiff, O.P. Yacht Services Corp. ("Plaintiff"), is a Florida corporation, located at 2019 S.W. 20th Street, Suite 223, Fort Lauderdale, Florida 33315.

3. Defendant Vessel, M/Y *Planet Nine* (the "Defendant Vessel"), is a 2018 72.15 Meter Admiral Motor Yacht bearing Cayman Islands Official Number 754473.

Docusign Envelope ID: 7A377C7D-AEEA-81BC-812D-EBE5B494599A


4. The parties consented to the in rem jurisdiction of the Court pursuant to the Letter of Undertaking attached hereto as ***Exhibit "A."***

5. All conditions precedent to commencing this action have occurred, been performed, or have otherwise been waived.

## FACTUAL ALLEGATIONS

6. The Defendant Vessel is owned by Spirito Vitale Limited. (the "Owner").

7. At all times material hereto, the Owner, directly and through its authorized agents, including Destry Darr, Rodney Pethtel, Michelle Francu, Lucas Gourio, and Vincent Segard, engaged Plaintiff to furnish labor and materials on the Defendant Vessel.

8. The labor and materials included redesigning and renovating the galley, replacing the flooring, installing cabinetry and headliners, and securing appliances.

9. The labor and materials were furnished at the direction of the Owner directly and through its authorized agents, including Destry Darr, Rodney Pethtel, Michelle Francu, Lucas Gourio, and Vincent Segard.

10. The labor and materials were furnished a reasonable price

11. The labor and materials were of a high quality.

12. The labor and materials were necessary for the operation, preservation, maintenance, repair, and continue use of the Defendant Vessel.

13. Plaintiff submitted an invoice to the Owner upon completion of the work. A true and correct copy of the invoice is attached hereto as ***Exhibit "B."***

14. The invoice was due upon receipt.

15. The Owner acknowledged receipt of the invoice, but has rejected repeated requests for payment.

16. Plaintiff is owed $94,000.00 for labor and materials furnished on the Defendant Vessel, exclusive of prejudgment interest and costs.

17. Plaintiff possesses a maritime lien for necessaries on the Defendant Vessel pursuant to the General Maritime law of the United States.

**COUNT I**
**FORECLOSURE OF MARITIME LIEN FOR NECESSARIES**

18. Plaintiff realleges and incorporates by reference Paragraphs 1-17 herein

19. Pursuant to 46 U.S.C. § 31342, Plaintiff possesses a maritime lien for necessaries on the Defendant Vessel in the amount of $94,000.00, exclusive of prejudgment interest and costs.

20. Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff seeks to foreclose its maritime lien for necessaries.

**WHEREFORE,** Plaintiff, O.P. Yacht Services Corp., respectfully requests the following relief from the Court:

a. Process issue against the Defendant Vessel, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*;

b. All persons having or claiming an interest in the Defendant Vessel be required to appear and answer the aforesaid matters;

c. Plaintiff be decreed to have a lien upon the Defendant Vessel as alleged herein, and that said lien be foreclosed with law and that the Defendant Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of the Defendant Vessel;

d. The Court further award Plaintiff the total amount due, plus prejudgment interest, and costs of this action, and that Plaintiff be permitted to recover same from the Defendant Vessel, *in rem*; and

e. The Court award Plaintiff such other and further relief that is just and proper.

Dated: September 15, 2026

Respectfully submitted,

**FIORILLI LAW GROUP, P.A.**
*Attorneys for Plaintiff, O.P. Yacht Services Corp.*
777 S.E. 20th Street, Suite 240
Fort Lauderdale, Florida 33316
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

***/s/ Justin S. Fiorilli***

**JUSTIN S. FIORILLI, ESQ.**
Florida Bar No. 111481

# VERIFICATION

I, **OSVALDO PALENZUELA**, declares under penalty of perjury:

1. I am over eighteen (18) years of age.

2. I am the President of O.P. Yacht Services Corp., the Plaintiff in the above-styled action.

3. I have read the Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

4. I am authorized to make these representations on behalf of Plaintiff.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DocuSigned by:
Osvaldo Palenzuela
29A897B7AA1244B...

O.P. Yacht Services Corp.
By: Osvaldo Palenzuela
Its: President

9/15/2026

Date